STATE OF NEBRASKA, APPELLEE, V. STANLEY W. KIECKHAFER,
APPELLANT.
471 N.W.2d 135

Filed June 21, 1991.  No. 90-317.

Rodney W. Smith for appellant.

Robert M. Spire, Attorney General, and Wynn Clemmer for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Following a bench trial on stipulated facts, the county court adjudged defendant-appellant, Stanley W. Kieckhafer, guilty of driving while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988). The district court affirmed the conviction, and Kieckhafer now asserts that court erred in failing to find that the county court erred in refusing to suppress certain evidence. We affirm.

Kieckhafer argues that his arrest was illegal because the arresting officer did not have probable cause to stop and subsequently seize him. At the hearing on Kieckhafer's motion to suppress the evidence leading to and developed after his arrest, the arresting officer testified that at 2:30 on the morning in question he saw Kieckhafer leave a bar and fall while opening the door of his automobile. A while after Kieckhafer succeeded in crawling into his automobile, the officer approached the vehicle and discovered that Kieckhafer, clouded in an effluvium of alcohol, was so sound asleep that calling his name did not rouse him.

The officer maintained intermittent surveillance of

Kieckhafer between the hours of 2:30 and 4:30 a.m., when he again checked Kieckhafer at the surveillance scene and observed that he was still "passed out." The officer then returned to his home for a cup of coffee.

At approximately 7 a.m., the officer, being a firefighter as well as the assistant chief of police, responded to a fire call. Upon arriving at the fire, he discovered the house which was burning belonged to Kieckhafer. The officer was sent to the surveillance scene in order to determine from Kieckhafer whether anyone was in the building. Kieckhafer appeared to be just awakening, perhaps in response to the fire whistle and sirens, and he, still redolent of alcohol, told the officer that no one was in the house. The officer thereupon returned to the fire to pass on that information. Within about 5 minutes, the officer again returned to the surveillance scene and discovered that Kieckhafer had departed.

Upon making inquiries, the officer learned that Kieckhafer "had stopped at PDQ and got gas . . . ." The officer once again returned to the surveillance scene and later, at about 10 that same morning, saw Kieckhafer drive by, pull up to a stop sign, and, without stopping, execute a wide turn "into the other lane." The officer then approached Kieckhafer, again noticed the odor of alcohol about him, and, after Kieckhafer unsuccessfully performed some field sobriety tests, arrested him.

To postulate that an officer who has observed a person who emits the odor of alcohol leave a bar, fall getting into his automobile, spend hours in a deep sleep, and later drive his automobile improperly does not have grounds to form the reasonable suspicion needed to stop the person and arrest him after he failed to satisfactorily perform field sobriety tests appears untenable. E.g., *State v. Giessinger*, 235 Neb. 140, 454 N.W.2d 289 (1990). However, we do not reach the question, for at trial Kieckhafer, without in any way preserving his earlier objection, stipulated to the admission of the very evidence he had earlier argued should have been suppressed. The applicable rule is that one who, without raising any objection, stipulates to the admission of evidence cannot on appeal complain about its receipt. *State v. Roggenkamp*, 224 Neb. 914, 402 N.W.2d 682

(1987).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.